**FILED**
CLERK, U.S. DISTRICT COURT

**7/30/2024**

CENTRAL DISTRICT OF CALIFORNIA
BY: ___MMC___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 2:24-CR-00462-PA |
| Plaintiff, | I N D I C T M E N T |
| v. | [26 U.S.C. § 5861(d): Possession of Unregistered Firearms; 26 U.S.C. § 5861(i): Possession of Firearm Without Serial Number; 18 U.S.C. § 545: Importing Merchandise Illegally; 18 U.S.C. § 982, 18 U.S.C. § 545, 26 U.S.C. § 5872, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| HIRO EKANOUSONE SAYABOUNTHAVONG, aka "Hiro Say," aka "Hiro Saya," aka "Tony," aka "Ekanousone Sayavong," | |
| Defendant. | |

The Grand Jury charges:

COUNTS ONE THROUGH FIVE

[26 U.S.C. § 5861(d)]

On or about February 29, 2024, in Los Angeles County, within the Central District of California, defendant HIRO EKANOUSONE SAYABOUNTHAVONG, also known as ("aka") "Hiro Say," aka "Hiro Saya," aka "Tony," aka "Ekanousone Sayavong," knowingly possessed the following firearms, each of which defendant SAYABOUNTHAVONG knew to be a firearm and firearm silencer, as defined in Title 26, United States Code, Section 5845(a)(7) and Title 18, United States Code,

Section 921(a)(25), and each of which had not been registered to defendant SAYABOUNTHAVONG in the National Firearms Registration and Transfer Record, as required by Title 26, United States Code, Chapter 53:

| COUNT | DESCRIPTION |
|-------|-------------|
| ONE | A black firearm silencer, bearing no serial number [ATF Ex. 18] |
| TWO | A silver firearm silencer, bearing no serial number [ATF Ex. 19] |
| THREE | A black firearm silencer, bearing no serial number [ATF Ex. 20] |
| FOUR | A black firearm silencer, bearing no serial number [ATF Ex. 21] |
| FIVE | A silver firearm silencer, bearing no serial number [ATF Ex. 22] |

COUNTS SIX THROUGH TEN

[26 U.S.C. § 5861(i)]

On or about February 29, 2024, in Los Angeles County, within the Central District of California, defendant HIRO EKANOUSONE SAYABOUNTHAVONG, also known as ("aka") "Hiro Say," aka "Hiro Saya," aka "Tony," aka "Ekanousone Sayavong," knowingly possessed the following firearms, each of which defendant SAYABOUNTHAVONG knew to be a firearm and firearm silencer, as defined in Title 26, United States Code, Section 5845(a)(7) and Title 18, United States Code, Section 921(a)(25), and each of which was not identified by a serial number, as required by Title 26, United States Code, Chapter 53:

| COUNT | DESCRIPTION |
|-------|-------------|
| SIX | A black firearm silencer, bearing no serial number [ATF Ex. 18] |
| SEVEN | A silver firearm silencer, bearing no serial number [ATF Ex. 19] |
| EIGHT | A black firearm silencer, bearing no serial number [ATF Ex. 20] |
| NINE | A black firearm silencer, bearing no serial number [ATF Ex. 21] |
| TEN | A silver firearm silencer, bearing no serial number [ATF Ex. 22] |

1

COUNT ELEVEN

2

[18 U.S.C. §§ 545, 2(b)]

3      On or about a date unknown to the Grand Jury, but no later than

4  January 3, 2024, in Los Angeles County, within the Central District

5  of California, and elsewhere, defendant HIRO EKANOUSONE

6  SAYABOUNTHAVONG, also known as ("aka") "Hiro Say," aka "Hiro Saya,"

7  aka "Tony," aka "Ekanousone Sayavong," fraudulently, knowingly, and

8  willfully caused merchandise to be imported and brought into the

9  United States contrary to law. Specifically, defendant

10  SAYABOUNTHAVONG caused an individual in Zhejiang, China, to ship a

11  black firearm silencer, bearing no serial number, from China to

12  defendant SAYABOUNTHAVONG at his residence in Monterey Park,

13  California, contrary to Title 26, United States Code, Section 5844.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FORFEITURE ALLEGATION ONE

[26 U.S.C. § 5872 and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 26, United States Code, Section 5872 and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One through Ten of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)   All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FORFEITURE ALLEGATION TWO

### [18 U.S.C. §§ 982 and 545]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 982 and 545, in the event of the defendant's conviction of the offense set forth in Count Eleven of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)    All right, title, and interest in any and all property, real or personal constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense;

(b)    Any and all merchandise introduced into the United States in violation of Title 18, United States Code, Section 545, or the value thereof; and

(c)    To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party;

1  (c) has been placed beyond the jurisdiction of the Court; (d) has

2  been substantially diminished in value; or (e) has been commingled

3  with other property that cannot be divided without difficulty.

4

5                                              A TRUE BILL

6

7                                              /s/

8                                              Foreperson

9  E. MARTIN ESTRADA
   United States Attorney
10
   MACK E. JENKINS
11 Assistant United States Attorney
   Chief, Criminal Division
12

13

14 SCOTT M. GARRINGER
   Assistant United States Attorney
15 Deputy Chief, Criminal Division

16 IAN V. YANNIELLO
   Assistant United States Attorney
17 Chief, General Crimes Section

18 BENEDETTO L. BALDING
   Assistant United States Attorney
19 Deputy Chief, General Crimes
   Section
20
   BRANDON E. MARTINEZ-JONES
21 Assistant United States Attorney
   General Crimes Section
22

23

24

25

26

27

28

                                7